# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

Samuel Esteban Fuentes-Soto,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 07-356 ADM/AJB
Civil No. 09-2153 ADM

_____

Samuel Esteban Fuentes-Soto, pro se.

Michael A. Dees, Esq., Assistant United States Attorney, Minneapolis, MN, for Plaintiff.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Samuel Esteban Fuentes-Soto's ("Defendant") Motion for Reduction of Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 27] ("2255 Motion"). Defendant's 2255 Motion asserts his counsel provided ineffective assistance by failing to argue for a downward departure based on his status as a deportable alien. 2255 Motion at 1. For the reasons set forth herein, Defendant's Motion is denied.

## II. BACKGROUND

On January 11, 2008, Defendant pled guilty to illegal re-entry after deportation, in violation of 6, U.S.C. §§ 202 and 557, and 8, U.S.C., §§ 1326(a) and 1326 (b)(2). Defendant's base offense level was increased by 16 levels because of a previous deportation after being convicted of an aggravated felony. A three-level reduction for Defendant's acceptance of responsibility lowered the offense level to 21. Defendant had eight criminal history points,

resulting in a criminal history category of IV. Based on an offense level of 21 and a criminal history category of IV, the imprisonment range was 57 to 71 months. On May 23, 2008, Defendant was sentenced to 57 months. Defendant's 2255 Motion was filed on August 17, 2009.

### III. DISCUSSION

**A.     Standard of Review**

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. See United States v. Addonizio, 442 U.S. 178, 184-85 (1979). A prisoner is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

**B.     Defendant's Claim is Procedurally Barred**

A defendant's failure to raise an issue on direct appeal constitutes a procedural default barring him from raising it for the first time in a § 2255 motion. Mathews v. United States, 114 F.3d, 112, 113 (8th Cir. 1997). A defendant may, however, overcome procedural default if he

can show both (1) a cause that excuses the default, and (2) actual prejudice from the alleged errors.[1]  Id.

Here, Defendant did not raise his counsel's failure to argue for a downward departure based on his deportable status on direct appeal.  Defendant did not file a direct appeal at all, and offers no explanation for his failure to appeal, thus he cannot satisfy the cause prong of the Mathews test.  U.S. v. Frady, 456 U.S. 152, 165 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal.").  However, Defendant can overcome the procedural default if he is able to demonstrate counsel was ineffective for failing to raise that issue.  United States v. Apfel, 97 F.3d 1074, 1076 ("a showing of ineffective assistance of counsel satisfies both cause and prejudice").

**C.     Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).  Courts employ a strong presumption that counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Id.  If a defendant fails to establish prejudice as required by the second part of the Strickland test, a court need not address whether the attorney's representation was objectively reasonable.  Apfel, 97 F.3d at

---

[1] A defendant's procedural default may also be excused by showing actual factual innocence.  Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004).  To prove actual innocence, a defendant must show that, given all the evidence, "it is more likely than not that no reasonable juror would have convicted him."  Schlup v. Delo, 513 U.S. 298, 327-28 (1995).  Here, Defendant does not claim to be actually innocent of the crime to which he pled guilty.

3

1076. Defendant argues that his counsel was ineffective for failing to argue that the conditions of his imprisonment would be adversely affected by his status as a deportable alien. 2255 Motion at 7. The conditions affected by his status are the categorical exclusion of aliens for consideration of early release upon completion of the Bureau of Prison's drug treatment program, the unavailability of halfway house placement for aliens, and the placement of aliens at higher security facilities as compared to United States citizens. 2255 Motion at 1, 7.

In United States v. Lopez, the Eighth Circuit held that a downward departure "is only appropriate in exceptional circumstances, such as where there is a substantial, undeserved increase in the severity of conditions of confinement, which could affect a substantial portion of a defendant's sentence." 266 F.3d 842, 850 (2001). The Court explained that to justify a downward departure, the defendant's individual circumstances must be "atypical or unusual." Id. at 848. In this case, Defendant offers no evidence that his particular situation is "atypical or unusual," or that, had counsel made such an argument, he might have been sentenced differently from other similarly-situated deportable aliens. There is no evidence showing counsel's representation fell below an objective standard of reasonableness or that Defendant would likely have received a shorter sentence if his counsel had urged the Court to consider his immigration status. Therefore, Defendant has not satisfied either prong of the Strickland test and his claim must fail.

### IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this 2255 Motion differently, or that any of the issues raised in Defendant's petition would be debatable among reasonable jurists. Therefore, the Court declines to grant a certificate of appealability.

## V. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion under 28 U.S.C. § 2255 for Reduction of Sentence [Docket No. 27] is **DENIED** and a certificate of appealability shall not issue.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 9, 2009.